No. 404

FORD v. STATE

Ohio Court of Appeals, Sandusky County

No. 132. May 1, 1923

CRIMINAL LAW—(1) Granting of Commission to take depositions matter of judicial discretion—(2) Deposition sought must be material to issue—(3) Affidavit to sustain application held not sufficient—(4) Court takes judicial notice of location of village, etc.—(5) Intent to kill held to be clearly shown.

CHITTENDEN, J.:

EPITOMIZED OPINION

Error to Sandusky Common Pleas; affirmed

Ford was found guilty in the lower court of the crime of shooting with intent to kill and assigns several causes of error. He sought to take advantage of 13688 GC., providing for the taking of depositions, and, in the affidavits filed when he made application to take the depositions, he claimed that he wanted to show his physical condition at the time of his arrest as bearing on the claim that the person whom he shot attacked him. Another of the affidavits alleged that the evidence sought was competent and material. It is insisted that the record does not disclose that the crime was committed in Sandusky County although one of the witnesses testified that it occurred in Woodville. Held by the Court of Appeals in affirming judgment:

1. 105 O. S. 366 holds 13688 GC. unconstitutional and the statutes in effect prior to that act govern his case. By those statutes the granting of a commission to take depositions is purely a matter of judicial discretion.

2. When no contention is made by the defendant that the shooting was in self-defense the court rightfully refused permission to take depositions to show the physical condition of the defendant at the time of his arrest.

3. An affidavit to sustain an application to take a deposition showing defendant's good character was held insufficient when it alleged only that the evidence sought was competent, relative and material.

4. Courts take judicial notice of the location of cities and villages and the boundaries of counties and this court takes notice of the fact that all the village of Woodville is in the county of Sandusky.

5. When the evidence shows that defendant aimed at another's head and discharged a pistol, it is held that he shot with intent to kill.

Attorneys—A. V. Bauman, for Ford; G. C. Sheffler and E. R. Voorheis, for State.

No. 405

HALAS v. CAVANAUGH et al.

Ohio Appeals, 8th Dist. Sept. 30, 1921

15 App. 98

NEGLIGENCE—Joint tortfeasors—Plaintiff not required to elect, when—Concurrent and joint acts.

INGERSOLL, J.

Error to Cuyahoga Common Pleas; judgment reversed.

Attorneys—Payer, Winch, Minshall & Garch, for Halas; Howell, Roberts & Duncan, contra.

## OHIO LEGAL BLANKS

Deeds of All Kinds

Mortgages

Mechanics Lien Forms

Leases, Contracts

Bankruptcy Blanks

Stock Certificates

Seals

Corporation Records

Stationery and Office Supplies

## Ohio Legal Blank Co.

1271 Ontario St., Cleveland

Main 7777. Cent. 4208W.

Send for LIST

IF YOU APPROVE OF

# AN ALL OHIO CASE LAW PUBLICATION

GIVING THE JUDICIAL OPINIONS OF ALL OHIO COURTS OF RECORD

## Near to or Close on their Dictation

FAVOR THE ABSTRACT WITH SUBSTANTIAL RECOGNITION BY YOUR SUBSCRIPTION